UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HORACE BARNES,

    Plaintiff,

v.                                  CASE NO. 8:24-cv-3000-WFJ-SPF

MAJOR ERIC DEFELICE, OFFICER
JOE LTEIF, OFFICER ROBERT MOHR,
and OFFICER MARUS PEUCORCNIK,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Affidavit of Indigency, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and his request to proceed *in forma pauperis* (Doc. 2), it is recommended that Plaintiff's request be denied and the Complaint dismissed.

**I.    BACKGROUND**

Plaintiff initiated this case with a Form Pro Se 15, Complaint for Violation of Civil Rights (Doc. 1). Plaintiff purports to bring a *Bivens* action[1] against Defendants, all officers of the Tampa Police Department, pursuant to 42 U.S.C. § 1983 for violating Plaintiff's

---

[1] In *Bivens*, the Supreme Court established that victims of a constitutional violation by a federal official may obtain relief against that official in federal court despite the absence of any statute conferring such right. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Such action is brought pursuant to 28 U.S.C. § 1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980).

constitutional rights during his December 26, 2020 arrest. Plaintiff states that on December 26, 2020, he was arrested, called a racial slur, and had $5,000.00 stolen from his vehicle during the arrest (Doc. 1 at 5). Plaintiff claims that these actions violated the Fourteenth Amendment to the U.S. Constitution as well as "statutes regulating police conduct" and asks the Court to award him money damages and requests the body camera footage from his arrest and the related search of his vehicle (*Id.*).

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."); *Azar v. Nat'l City Bank,* 382 F. App'x 880, 884 (11th Cir. 2010).

The pleadings of a *pro se* litigant are held to a less stringent standard than those drafted by an attorney and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But a court

does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(b) further provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### III. ANALYSIS

According to Plaintiff's *in forma pauperis* motion, he has no income, no employment, and no assets (Doc. 2). Plaintiff has demonstrated he cannot pay the filing fee and is financially eligible to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). Nonetheless, the undersigned recommends Plaintiff's complaint be dismissed because it fails to state a claim and fails to comply with the Federal Rules of Civil Procedure.

### a. Failure to State a Claim

#### i. Bivens

Plaintiff purports to bring a *Bivens* claim against Defendants in their individual capacities for violating his constitutional rights as well as unnamed statutes regulating police conduct. A *Bivens* claim against officers of the Tampa Police Department is improper. In *Bivens*, the Supreme Court held that "there exists an implied private right of action for damages against federal officers for violating a citizen's constitutional rights." *Taylor v. Pekerol*, 760 F. App'x 647, 652 (11th Cir. 2019) (per curiam) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). In light of this authority, Plaintiff's *Bivens* claim against officers of the Tampa Police Department—a local police department—fails. *See Groover v. Israel*, No. 15-61902-Civ-BLOOM, 2015 WL 13310464, at *3 (S.D. Fla. Sept. 14, 2015) ("Because the United States, federal entities, and local government employees are not subject to suit under *Bivens*, any *Bivens* claim should be dismissed with prejudice as to [the County Sheriff] and the United States Bureau of Prisons.").

#### ii. 1983

Even assuming Plaintiff brought an action pursuant to 42 U.S.C. § 1983, his claim would fail. To state a claim under § 1983, Plaintiff must allege that some person, acting under color of state law, deprived him of "rights, privileges, or immunities secured by the Constitution and Laws of the United States." 42 U.S.C. § 1983; *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996–97 (11th Cir. 1990). Here, while Plaintiff alleges a violation of his Fourteenth Amendment rights, he fails to articulate (1) which right guaranteed by the Fourteenth Amendment was violated, and (2) how that right was violated. "[S]imply

4

identifying the Fourteenth Amendment is insufficient." *Simms v. Juliano*, No. 6:23-cv-881-CEH-LHP, 2023 WL 11257270, at *2 (M.D. Fla. July 5, 2023).

As set forth above, Plaintiff alleges that $5,000.00 was stolen from his vehicle during his arrest and as a result, his Fourteenth Amendment rights were violated. The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1. This clause provides individuals two separate forms of constitutional protection: substantive due process and procedural due process. *Littlejohn v. Sch. Bd. of Leon Cty., Fla.*, 132 F.4th 1232, 1239 (11th Cir. 2025). "The substantive component of the Due Process Clause 'protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.'" *Hoefling v. City of Miami*, 811 F.3d 1271, 1282 (11th Cir. 2016) (quoting *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 125 (1992)). The procedural component of the Due Process Clause, on the other hand, is "meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978). A violation of either of these protections may form the basis for a § 1983 claim. *Cf. Zinermon v. Burch,* 494 U.S. 113, 125 (1990). Because Plaintiff's complaint fails to clarify the theory under which he intends to assert his claims, the Court will address each theory in turn.

### 1. Substantive Due Process

To the extent Plaintiff intends to claim that Defendants violated his substantive due process rights, he would need to allege "(1) a deprivation of a constitutionally protected interest, and (2) that the deprivation was the result of an abuse of governmental

power sufficient to raise an ordinary tort to the stature of a constitutional violation." *Hoefling*, 811 F.3d at 1282 (citation and internal quotation marks omitted). Property rights, however, "are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). In other words, property rights are state-created rights that are not entitled to substantive due process protection. *Greenbriar Vill., L.L.C. v. Mt. Brook City*, 345 F.3d 1258, 1263 (11th Cir. 2003); *DeKalb Stone, Inc. v. Cty. of DeKalb*, 106 F.3d 956, 959–60 & n.6 (11th Cir. 1997). Accordingly, Plaintiff does not raise a viable substantive due process claim.

### 2. Procedural Due Process

To the extent Plaintiff intends to claim that Defendants violated his procedural due process rights, Plaintiff would need to allege facts showing "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006). Here, Plaintiff has failed to allege an inadequate process. "It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim. This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora—

6

agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation." *Cotton v. Jackson,* 216 F.3d 1328, 1330–31 (11th Cir. 2000); *see also Hudson v. Palmer*, 468 U.S. 517, 532–33 (1984) (holding that post-deprivation procedures satisfy procedural due process requirements where "a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure," because in such cases it would be "not only impracticable, but impossible, to provide a meaningful hearing before the deprivation") (citations omitted). "This directive is not an exhaustion requirement. Instead, this directive is a recognition that procedural due process violations do not even exist unless no adequate state remedies are available." *Cotton*, 216 F.3d at 1331 n.2. Plaintiff does not allege that adequate state remedies to rectify the alleged theft of his property are not available. Accordingly, Plaintiff does not raise a viable procedural due process claim.

### b. Pleading

In addition to the substantive issues outlined above, Plaintiff's complaint is also due to be dismissed for failure to comply with the Federal Rules of Civil Procedure. Plaintiff has not plead the alleged facts or causes of action in separately numbered paragraphs.[2] Instead, his claims and supporting allegations appear scattered throughout his complaint, including in his attachments. The consequence is that his complaint does not constitute the type of "short and plain statement" required by Rule 8 and leaves the reader "guess[ing] at precisely what [he is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405

---

[2] Indeed, Plaintiff did not even list the "statute regulating police conduct" that Defendants allegedly violated (Doc. 1 at 5).

F. App'x 459, 460 (11th Cir. 2010) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)). Compounding this problem is the fact Plaintiff has named multiple defendants "without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

That Plaintiff is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

The undersigned recommends that Plaintiff's complaint be dismissed without prejudice. It is further recommended that Plaintiff be allowed to file an amended complaint, which should set forth – in a single document – the basis for the Court's jurisdiction and the factual allegations establishing a claim for relief in this forum. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

Accordingly, it is **RECOMMENDED:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) be denied without prejudice.

2. Plaintiff's Complaint (Doc. 1) be dismissed without prejudice and with leave to amend.

3. Plaintiff be allowed to file an amended complaint that sets forth factual allegations establishing a claim for relief and to file a renewed request to proceed *in forma pauperis*.[3]

4. Plaintiff be advised that failure to file an amended complaint may result in dismissal of this case with prejudice and without further notice.

**IT IS SO REPORTED** in Tampa, Florida, on May 16, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.